IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS GRANDINETTI, #A0185087, | ) ) | CIV. NO. 18-00374 LEK-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER VACATING JUDGMENT; DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR ENLARGEMENT OF TIME; AND DISMISSING ACTION |
| vs. | ) ) ) | |
| STATE HPA,, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Before the court is pro se Plaintiff Francis Grandinetti's (1) Motion for an Enlargement of Time; (2) Application to Proceed In Forma Pauperis By A Prisoner (IFP Application); and (3) Notice of Appeal (NOA). *See* ECF Nos. 6-8. Grandinetti is a Hawaii state prisoner incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona. He seeks relief under 28 U.S.C. §§ 2241, 2254, 1915(g) and the Federal Rules of Civil Procedure.[1]

For the following reasons, the November 7, 2018 Dismissal Order and judgment are VACATED. To the extent Grandinetti brings this action as a Petition for Writ of Habeas Corpus, it is DENIED, as is any request for a certificate of appealability. To the extent Grandinetti's pleading is meant as a civil rights

---

[1]Grandinetti titles his pleading as a "Complaint," and a "Habeas Corpus Petition." ECF No. 1.

Complaint, it is DISMISSED with prejudice. Grandinetti's Motion for Enlargement of Time and IFP Application are DENIED.

## I. BACKGROUND

Grandinetti filed this action on October 1, 2018. ECF No. 1. He claims that he received notice of a parole hearing from the Hawaii Paroling Authority (HPA) to be held at SCC between September and November 2018. Grandinetti says that he is too injured to accept the notice or attend a parole hearing, however. He attaches six pages of exhibits to his pleading, including a medical request demanding "'Medical Parole' only," a consent to release his mental health evaluations to the HPA, a medical examination report dated September 29, 1988, and a *blank* HPA notice of hearing and parole plan. *Id.*, PageID #2-6.

On October 3, 2018, the court issued a Deficiency Order, directing Grandinetti to submit an IFP Application or the filing fee within twenty-eight days, or on or before October 31, 2018. Ord., ECF No. 2.

On October 9, 2018, Grandinetti filed a second action, *Grandinetti v. State HPA*, No. 1:18-cv-00388-JMS-KJM (D. Haw.), asserting similar claims to those asserted herein. That action was docketed as a petition for writ of habeas corpus. The court issued a Deficiency Order. ECF No. 2.

On October 16, 2018, Grandinetti filed a prisoner civil rights action, *Grandinetti v. Hegmann*, No. 1:18-cv-00396-DKW-RLP (D. Haw.). It is unclear what claims for relief Grandinetti asserts in this suit. The court again issued a Deficiency Order. ECF Nos. 1, 2.

On October 29, 2018, Grandinetti filed a document in No. 1:18-cv-00388, complaining that SCC staff had withheld a letter to him from the Ombudsman for several days. ECF No. 3 (dated Oct. 23, 2018).

On November 6, 2018, Grandinetti filed a "Motion, Delayed or Hidden USPS Mail," in the present case. ECF No. 3 (accepted for mailing on Oct. 31, 2018). Grandinetti alleged that his mail had been withheld for three weeks in October, although exhibits to the Motion show that five of his outgoing letters were mailed on or before October 25, 2018. *Id.*, PageID #13. He also complained that eleven incoming letters were "missing/lost/stolen."[2]

On November 7, 2018, this Court dismissed this action for Grandinetti's failure to timely comply with the October 3, 2018 Deficiency Order, despite evidence in the court's records showing that he was sending and receiving mail during the relevant time period. *See* Entering Order, ECF No. 4. Later that day,

---

[2]Grandinetti does not explain how he knew the postage dates of these letters or why he refused to accept at least one of these incoming letters. *See id.*, PageID #15 (envelope showing "Refused").

3

Grandinetti filed a Motion for Enlargement of Time, seeking an extension of time to pay or file an IFP Application. ECF No. 6 (accepted for mailing on Oct. 31, 2018). He claimed that Defendants hid his incoming mail between September 23 and October 23, 2018.

On November 8, 2018, Grandinetti filed an IFP Application, ECF No. 7 (accepted for mailing on Oct. 31, 2018), and a premature NOA, ECF No. 8 (accepted for mailing on Nov. 1, 2018).[3]

## II. **PRISON MAILBOX RULE**

Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed on the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading is received or filed by the court. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("[T]he *Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners."); *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

---

[3]The NOA seeks to appeal the anticipated dismissal of this action for Grandinetti's failure to timely pay or submit an IFP Application, although it was constructively filed a week before this action was dismissed.

Grandinetti constructively filed his Motion for Enlargement of Time and IFP application on or before October 31, 2018, and they are timely. Accordingly, the Court VACATES the November 7, 2018 Entering Order dismissing this action and the judgment.

### III. <u>DISCUSSION</u>

The Clerk of Court docketed this action as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. It is not clear whether that was Grandinetti's intent, however, because he labeled his pleading as both a Complaint and a Petition. The court will review his pleading under both avenues of relief.

**A.     The Petition and any Certificate of Appealability are Denied**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court provides that district courts "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See*, *e.g.*, *Clayton v. Biter*, 868 F.3d 840, 845-46 (9th Cir. 2017); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Nelson v. Biter*, 33 F. Supp.3d 1173, 1176-78 (C.D. Cal. 2014) (dismissing a habeas petition deemed not cognizable). A court may dismiss a petition for writ of habeas corpus on its own motion under Habeas Rule 4. Habeas Rule 8 Advisory Committee Notes; *see also Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Dismissal

5

is appropriate "only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible,' or 'patently frivolous or false.'" *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)) (internal citations omitted).

Habeas petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a writ of habeas corpus by a state prisoner must "specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)); *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge*, 431 U.S. at 75 n.7).

To the extent Grandinetti's pleading is meant as a Petition for Writ of Habeas Corpus, it is vague, conclusory, and fails to state any coherent claim for relief. He makes no specific claims or argument, but simply says that he is (or was) too injured to attend a parole hearing. It is not even clear if Grandinetti has even been scheduled for a parole hearing yet.

Regardless, Grandinetti has no right to early release on parole under state or federal law. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (holding same under Hawaii law); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (recognizing that Hawaii's parole statutes create no liberty interest in parole and collecting District of Hawaii cases); *Slavick v. Harrington*, 2018 WL 3973523, at *2 (D. Haw. Aug. 20, 2018). Having no right to parole, Grandinetti has no constitutional right to attend or decline to attend a parole hearing.

Moreover, if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ). That is, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Nettles*, 830 F.3d at 935 (quoting *Skinner*, 562 U.S. at 535 n.13). Success on Grandinetti's claims is apparently the right *not* to attend a

7

parole hearing. This court lacks jurisdiction to determine when or how Grandinetti may be paroled, but in any event, success will not lead to his release.

Grandinetti is not entitled to habeas relief under federal law and to the extent that is what he seeks, his Petition is DENIED. Reasonable minds would not disagree about this dismissal, and any request for a certificate of appealability is DENIED.

## B. Civil Rights Complaint and IFP Application

To the extent Grandinetti asserts a civil rights claim under 42 U.S.C. § 1983, he has no right to parole and fails to state a claim for relief. *See Greenholtz,* 442 U.S. at 7.

Moreover, because Grandinetti has accrued more than three strikes under 28 U.S.C. § 1915(g),[4] and does not make "a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing," he may not proceed in forma pauperis in this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

---

[4] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LK (D. Haw. 2005). See PACER: http://pacer.psc.uscourts.gov.

**C. Motion for Enlargement of Time**

In light of the Court's holding, Grandinetti's Motion for Enlargement of Time is DENIED as moot.

## IV. <u>CONCLUSION</u>

(1) The November 7, 2018 Dismissal Order and Judgment are VACATED.

(2) To the extent Grandinetti seeks relief under 28 U.S.C. § 2254, his Petition and any request for a certificate of appealability are DENIED.

(3) To the extent Grandinetti seeks relief under 42 U.S.C. § 1983, his Complaint is DISMISSED with prejudice for failure to state a claim and his IFP Application is DENIED.

(4) The Motion for Enlargement of Time is DENIED.

(5) The Clerk is DIRECTED to process Grandinetti's Notice of Appeal as of the date it was filed, enter judgment, and terminate this action.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, November 16, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. State HPA*, No. 1:18-cv-00374 LEK-KJM; habeas '18 (dny m ext time, dsm Pet R4)